UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00507-KDB

| DOMINIC A. LOWE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| JAMES DENNIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Judgment on the Pleadings [Doc. 10] and Plaintiff's Motion for Leave to Amend Complaint and proposed Amended Complaint [Docs. 17, 17-1] and Plaintiff's Motion for Appointment of Counsel [Doc. 18].

**I.    BACKGROUND**

On May 24, 2024, pro se Plaintiff Dominic A. Lowe ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 based on events that allegedly occurred at the Union County Jail (the "Jail") in Monroe, North Carolina, where Plaintiff is currently detained.[1] [Doc. 1]. Plaintiff's First Amendment free exercise claim against Defendants James Dennis and Romana Bailey survived initial review.[2]

On July 1, 2024, Defendants Bailey and Dennis answered Plaintiff's Complaint and moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff purported to file the Complaint on his own behalf and on behalf of Eyan A. Moore and Pedro Marcelino. [See Doc. 1 at 1]. For the reasons stated in the Court's initial review Order, the Court dismissed Moore and Marcelino as Plaintiffs in this matter. [Doc. 7 at n.1].

[2] The Court dismissed Plaintiff's First Amendment claims based on alleged interference with his mail and denial of access to the courts and Defendants Union County Sheriff Eddie Cathey and Union County Attorney Brandon Christian for Plaintiff's failure to state a claim for relief against them. [Doc. 7].

[Docs. 9, 10]. Defendants filed exhibits with their Answer, which included Plaintiff's February 26, 2024 inquiry asking whether the Jail would accommodate Muslim inmates during Ramadan; a blank copy of a Union County Sheriff's Office Request for Religious Accommodation for the "2024 Ramadan Meal fasting request;" an incident report regarding Classification Officer Hollie Younts' March 6, 2023 attempt to have Plaintiff sign the "Ramadan Meal Fast Release paperwork;" an e-mail exchange between Jail medical staff, including Nurse Supervisor Craig Greenlee, Defendant Dennis, Attorney Brandon Christian, and Chad Coppedge (presumably a Jail official), regarding Plaintiff's request for accommodation for Ramadan; and Plaintiff's March 6, 2024 grievance complaining about the Jail's Ramadan procedures and Defendant Dennis' response purporting to address Plaintiff's concerns regarding the Jail's Ramadan policy. [Docs. 9-1 through 9-4]. The Court entered an order, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of his right to respond to Defendants' motion and cautioning him that his failure to respond would likely result in Defendants being granted dismissal of Plaintiff's Complaint. [Doc. 13 at 2].

Plaintiff has not responded to Defendants' motion and the time to do so has expired. Plaintiff has, however, moved to amend his Complaint [Doc. 17] and for appointment of counsel [Doc. 18]. As grounds to amend his Complaint, Plaintiff contends that, since filing his Complaint, he has determined that Officer Younts, Attorney Christian, Nurse Supervisor Craig Greenlee, and Chad Coppedge should be named as Defendants.[3] [Doc. 17]. Now with the benefit of the exhibits to Defendants' Answer to Plaintiff's original Complaint, Plaintiff submitted a proposed Amended Complaint in which he alleges as follows.

---

[3] Plaintiff makes no allegations against Defendant Bailey in his proposed Amended Complaint and acknowledges that she should be dismissed as a Defendant in this matter. [<u>See</u> Doc. 17-1; <u>id.</u> at 6]. The Court, therefore, will dismiss her as a Defendant.

2

On February 25, 2024, Plaintiff inquired with the Jail Chaplain about participating in Ramadan. [Doc. 17-1 at 2]. The Chaplain directed Plaintiff to file a facilities inquiry, which Plaintiff did the next day. On February 27, 2024, Plaintiff received a response directing him to "refer this question to medical and classifications." [Id.]. On March 2, 2024, Plaintiff submitted an inquiry to medical. Medical responded the next day, indicating "it had to 'get with' its 'supervisor.'" [Id.]. On or about March 3, 2024, Nurse Supervisor Greenlee sent an e-mail to Chad Coppedge and Attorney Christian, with a "cc" to Defendant Dennis, asking "How would you like Inmate Health (IH) to handle this request?" [Id. at 3]. The next morning at 8:31 a.m., Defendant Dennis replied to Greenlee, Coppedge, and Christian, stating that he would "get with" them "tomorrow on this matter."[4] [Id.]. On March 5, 2024, Plaintiff submitted another request to medical. Nurse Kamicka responded, presumably the same day, advising Plaintiff that 'the supervisor has not advised medical on this subject yet.'" [Id.]. On March 6, 2024, Officer Younts brought a document to Plaintiff titled "Request for Religious Accommodation Reference: 2024 Ramadan Meal fasting request March 10th, 2024 to April 9th, 2024." [Id. at 2]. Officer Younts told Plaintiff to "sign it" so that he can "go to segregation" to fast. [Id.]. Plaintiff advised Officer Younts of the "illegality" of the "stipulation" that he be moved to segregation to participate in Ramadan. [Id.]. The same day, Plaintiff filed a grievance complaining about this "stipulation." [Id. at 3]. Defendant Dennis responded to Plaintiff's grievance the next day. Defendant Dennis "confirm[ed]" that the "program" of placing "participating inmates in a separate location to ensure that their ritual is respected and upheld … adheres to all approved [Jail] policies and procedures." [Id.]. This policy, however, does not appear in the "Facility Services and Inmate Programs." [Id.].

---

[4] Plaintiff characterizes this e-mail exchange as an "open conspiracy to formulate a solution to plaintiffs [*sic*] request." [Doc. 17-1 at 3]. Plaintiff further alleges that, "[b]efore implementing their actions, … Defendants conferred with counsel, Attorney Brandon Christian," who knew or should have known "that these religious rights were clearly established." [Id. at 5].

Rather, Plaintiff alleges that Greenlee, Coppedge, Christian and Defendant Dennis "wrote the … 'Request for Religious Accommodation' at their behest since it was not sanctioned policy or included in any existing Jail policies and procedures." [Id. at 3, 5-6]. On March 7, 2024, Plaintiff appealed. [Id.]. His appeal was denied the same day. [Id. at 4].

Plaintiff further alleges that there is no penological interest in placing fasting individuals, who are allowed food inside their cells at times other inmates are not, in isolation or separate housing because inmates are allowed to store commissary food items in their cells and diabetics are given a snack pack at night to have in their cell. [Id.]. Plaintiff also alleges that there were less restrictive means to accommodate Plaintiff's Islamic faith, "such as Lockdown in [his] current cell during the breaking of the fast." [Id. at 5].

Most pointedly, Plaintiff alleges that the proposed "accommodation" did not merely require that Plaintiff (and presumably others wishing to observe the Ramadan fast) be temporarily housed in another general population area, but be placed in "segregation" [Id. at 2, 5] and "isolation." [Id. at 4].

Plaintiff alleges that "Defendants established a practice that was instituted to deter practicing and future practicing muslims [*sic*] from requesting to Fast during the daylight hours for the month of Ramadan" and that Greenlee, Coppedge, Christian and Defendant Dennis substantially burdened Plaintiff's right to exercise his religion by "co-authoring and sanctioning" the Request for Religious Accommodation. [Id. at 4-6]. Plaintiff claims Officer Younts substantially burdened his free exercise rights by "giving Plaintiff the ultimatum to sign a document that would change [Plaintiff's] housing status or forego his religious obligation." [Id. at 6].

Plaintiff claims that his "right to fast for Ramadan is protected by the 1st and 14th

4

amendment[s]."[5]  [Doc. 17-1 at 5].  For relief, Plaintiff seeks an injunction ordering Defendants to devise a religious accommodation policy that does not require cell reassignment to participate in Ramadan and $500.00 from each Defendant.  [Id. at 6-7].

Defendants oppose Plaintiff's motion to amend his Complaint, arguing that amendment is futile because Plaintiff alleges no new facts beyond those in Defendants' Answer and motion for judgment on the pleadings and, therefore, the amended Complaint would also be subject to judgment on the pleadings.  [Doc. 19 at 2].  Defendants contend that Plaintiff "is using this suit for the purpose of harassing the defendants."  [Id.].  Defendants also argue that Plaintiff fails to make any allegations against Officer Younts other than her bringing Plaintiff a form to sign and that Plaintiff's claim against the Sheriff's Chief Legal Counsel Christian is intended to disqualify him from representing his clients and based only on Christian's provision of legal advice to Defendant Dennis.  [Id.].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an

---

[5] It appears that Plaintiff's claim under the Fourteenth Amendment is based solely on the application of the First Amendment to the states through the Fourteenth Amendment.  [See Doc. 17-1 at 4].  Because Plaintiff's allegations do not otherwise implicate the Fourteenth Amendment, the Court will not further address this claim.

5

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that: (1) he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or

regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment free exercise claim against Defendants Dennis, Greenlee, Coppedge, Christian, and Younts survives initial review as not clearly frivolous.

Because Plaintiff's Amended Complaint survives initial review under 28 U.S.C. §§ 1915A and 1915(e) in accordance with this Order, the Court will deny Defendants Dennis and Bailey's motion for judgment on the pleadings without prejudice.

IV. **APPOINTMENT OF COUNSEL**

Also pending is Plaintiff's motion for appointment of counsel. [Doc. 18]. As grounds, Plaintiff states that he has been allowed to proceed in forma pauperis in this matter, that his financial situation remains the same, and that counsel "would help alleviate unnecessary filing in this matter and … navigate the complexities of Plaintiffs [*sic*] complaint." [Id. at 1].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to

7

make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

Plaintiff here has failed to show, and the record does not support, exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated the capacity to present his claim, which is not complex, through his pleadings in this matter. The Court, therefore, will deny the Plaintiff's motion for appointment of counsel. If this matter proceeds to trial, however, the Court may appoint counsel for Plaintiff through the Prisoner Assistance Program (PAP). [Misc. Case No. 3:19-mc-00013-MR, Docs. 2, 5].

## V. CONCLUSION

For the reasons stated herein, the Court will grant Plaintiff's motion for leave to file an amended Complaint, deny Defendants' motion for judgment on the pleadings without prejudice, and deny Plaintiff's motion for appointment of counsel. Plaintiff's Amended Complaint survives initial review in accordance with the terms of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint [Doc. 17] is **GRANTED** and Plaintiff's Amended Complaint passes initial review in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings [Doc. 10] is **DENIED without prejudice** and Plaintiff's Motion for Appointment of Counsel [Doc. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Bailey is hereby **DISMISSED** as a

Defendant in this matter.

The Clerk is respectfully instructed to file Plaintiff's proposed Amended Complaint [Doc. 17-1] as Plaintiff's Amended Complaint in this matter.

The Clerk is respectfully instructed to mail four (4) blank summonses to Plaintiff to fill out and identify Defendants Coppedge, Greenlee, Christian, and Younts, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to timely effectuate service on these Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon these Defendants.

**IT IS SO ORDERED**.

Signed: August 19, 2024

Kenneth D. Bell
United States District Judge