UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00507-KDB

| DOMINIC A. LOWE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| JAMES DENNIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Enter Party's Default" [Doc. 30], Plaintiff's Motion for Default Judgment [Doc. 31], and Plaintiff's "Order to Show Cause for Preliminary Injunction [Doc. 32], which the Court will construe as a motion for preliminary injunction.

On May 24, 2024, pro se Plaintiff Dominic A. Lowe ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 based on events that allegedly occurred at the Union County Jail (the "Jail") in Monroe, North Carolina, where Plaintiff is currently detained. [Doc. 1]. Plaintiff's First Amendment free exercise claim against Defendants James Dennis and Romana Bailey survived initial review based on Plaintiff's allegation that he was required to move to segregation to participate in Ramadan. [Doc. 7]. On August 19, 2024, the Court granted Plaintiff's motion for leave to amend his Complaint and allowed Plaintiff's Amended Complaint, which added claims against Defendants Coppedge, Greenlee, Chistian, and Younts and withdrew the claim against Defendant Bailey, to pass initial review in accordance with the terms of its Order.[1] [Doc. 20]. At the same time, the Court denied Defendants Dennis and Bailey's pending motion for judgment on

---

[1] The Court dismissed Defendant Bailey as a Defendant in this matter. [Doc. 20 at 8-9].

the pleadings without prejudice. [Id. at 8]. On October 3, 2024, Defendants Christian, Coppedge, Dennis, Greenlee, and Younts timely answered Plaintiff's Amended Complaint and filed a second motion for judgment on the pleadings. [Docs. 25, 26].

On or about October 8, 2024, apparently without having received Defendants' Answer to his Amended Complaint, Plaintiff filed the pending motions for entry of default and default judgment. [Docs. 30, 31; see Doc. 31 at 5 (Certificate of Service)]. As grounds for entry of default, Plaintiff states that Defendants failed to timely answer his Amended Complaint. [Doc. 30 at 1]. The Court will deny Plaintiff's motions for entry of default and default judgment as moot, as Defendants timely answered Plaintiff's Amended Complaint in this matter.

Also pending is Plaintiff's motion for preliminary injunction. [Doc. 32]. Plaintiff states no grounds for this motion. [See id.]. Plaintiff asks, however, that Defendants "show cause" why they should not be enjoined from requiring detainees wishing to practice Ramadan to be separately housed in segregation. [Id. at 1]. Plaintiff also asks that Defendants be required to draft a Jail policy allowing detainees to participate in the upcoming Ramadan fast in 2025 that does not violate their First Amendment rights. [Id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009). Plaintiff fails to establish any of these elements. The Court,

therefore, will deny Plaintiff's motion for injunctive relief.

For these reasons, the Court will deny Plaintiff's pending motions.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Enter Party's Default" [Doc. 30], Plaintiff's Motion for Default Judgment [Doc. 31], and Plaintiff's "Order to Show Cause for Preliminary Injunction [Doc. 32] are **DENIED**.

**IT IS SO ORDERED**.

Signed: October 23, 2024

Kenneth D. Bell
United States District Judge